UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERRIE SMITH | CIVIL ACTION |
| VERSUS | NO. 23-7217 |
| PROTECTIVE INSURANCE COMPANY, *et al.* | SECTION M (4) |

### ORDER & REASONS

Before the Court is a motion for partial summary judgment filed by defendants Heartland Express, Inc. ("Heartland") and Protective Insurance Company (together, "Defendants").[1] The motion is set for submission on March 6, 2025.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance February 26, 2025. Plaintiff Sherrie Smith, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

---

[1] R. Doc. 23.

[2] *Id.*

[3] This is a personal injury case arising out of a motor vehicle accident. Smith alleges that she was injured when a tractor-trailer driven by Timothy Morrow, an employee of Heartland, collided with her vehicle. R. Doc. 1-9 at 2. Smith's negligence claims against Morrow, *id.* at 2-3, were dismissed for failure to prosecute. R. Doc. 13 at 1. Smith asserts direct negligence (including negligent hiring, retention, supervision, and training) and vicarious liability claims against Heartland. R. Doc. 1-9 at 3. On February 19, 2025, Defendants filed a judicial confession of liability stipulating that (1) Morrow was at fault for the accident, (2) Smith has no comparative fault for the accident, and (3) Morrow was acting in the course and scope of his employment with Heartland when he caused the accident, subjecting Heartland to vicarious liability. R. Doc. 22 at 1. In the instant motion, Defendants argue that, in light of their judicial admission, liability is no longer at issue in this case and Smith's direct negligence claims against them should be dismissed. R. Doc. 23 at 3-6. While an "employer does not automatically prevail on summary judgment as a matter of law merely by stipulating that the employee was in the course and scope of employment," *Martin v. Thomas*, 346 So. 3d 238, 248 (La. 2022), where, as here, an employer-defendant has "admitted to its vicarious liability" *and* "accepted 100% of the fault," summary judgment on the issue of liability is appropriate because the percentage of fault "simply cannot exceed 100." *Ferguson v. Swift Transp. Co. of Ariz.*, 2023 WL 173143, at *3 (W.D. La. Jan. 12, 2023). The entry of summary judgment is appropriate when a moving party demonstrates that there are no genuine issues of material fact and the nonmoving party fails to articulate specific facts showing a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); Fed. R. Civ. P. 56. When the nonmovant will bear the burden of proof

IT IS ORDERED that the Defendants' motion for summary judgment (R. Doc. 23) is GRANTED, and Smith's direct negligence claims against Defendants are DISMISSED WITH PREJUDICE.[4]

New Orleans, Louisiana, this 27th day of February, 2025.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE

---

at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Defendants have sustained their burden on their motion, which Smith has failed to refute. Therefore, partial summary judgment dismissing Smith's direct negligence claims against Defendants is appropriate.

    [4] Defendants also filed a motion to dismiss Smith's direct negligence claims against Defendants for failure to state a claim (R. Doc. 24), which was also set for submission on March 6, 2025, and which Smith also failed to oppose by the February 26 opposition deadline. Because the Court grants Defendants' motion for summary judgment on Smith's direct negligence claims, Defendants' motion to dismiss those claims (R. Doc. 24) is DENIED AS MOOT.